UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY BROADUS                                CIVIL ACTION

VERSUS                                       NO: 08-1201

CSX TRANSPORTATION, INC.                     SECTION: R(4)


**<u>ORDER AND REASONS</u>**

Before the Court are defendant's motion in limine re: FELA and Evidence (R. Doc. 66) and plaintiff's motion in limine to exclude evidence. (R. Doc. 65). The Court rules as follows.

**I.   Background**

Plaintiff Larry Broadus worked as a railroad engineer for defendant CSX Transportation, Inc. Plaintiff alleges that he sustained a back injury when he slipped and fell on mainline ballast while walking in between the No. 6 and 7 switches in CSXT's Sibert Yard in Mobile, Alabama on April 25, 2006. Ballast is a gravel rock used in the railroad industry. There are two

types of ballast: mainline and yard.  Mainline ballast is larger and is used to support railroad tracks.  Yard ballast is smaller and is used as a walking surface in railroad yards.  Plaintiff alleges that CSXT breached its duties under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, by putting larger, mainline ballast in the yard, rather than yard ballast, which he alleges compacts more easily and thus is a safer walking surface.

**II. Discussion**

CSXT's motion actually contains 21 separate motions in limine, and plaintiff's motion contains 24 motions in limine. Plaintiff does not oppose defendant's motions in limine Nos. 1, 3 4, 5, 6, 7, 8, 9, 14, 15, 16, and 18.  Defendant does not oppose plaintiff's motions in limine Nos. 1, 2, 3, 5, and 19.  The Court thus GRANTS those motions.

Some of the motions at issue may be more appropriately determined at trial.  The Court thus defers decision on plaintiff's motions in limine Nos. 7, 8, and 9 and defendant's motion in limine No. 12.  The Court will consider the remaining contested motions in turn.

**A. Defendant's motions in limine**

*1. Motion in limine No. 2*

Defendant moves to exclude any argument or testimony that CSXT could have provided a safer or easier workplace. Defendant contends that because FELA requires only that an employer provide a reasonably safe place to work, evidence of how the workplace could have been safer should be excluded as irrelevant. *See* Fed. R. Evid. 402. Plaintiff contends that he should be allowed to introduce testimonial evidence with regard to whether yard ballast is a safer walking surface than mainline ballast. The Court finds that such evidence is clearly relevant to whether defendant provided a reasonably safe workplace. The Court will resolve any confusion as to the duty FELA requires of an employer in a jury instruction. The Court DENIES defendant's motion.

*2. Motion in limine No. 10*

Defendant moves to exclude any argument or testimony about plaintiff's family as irrelevant. Plaintiff contends that he should be able to reference the fact that he is married and has children as relevant to his background and how he has lost enjoyment in his life. The Court finds such evidence relevant to plaintiff's damages claim for lost enjoyment in his life. Defendant's motion is DENIED.

*3. Motion in limine No. 11*

Defendant moves to exclude *any* lay opinions on the effect of the accident or injury on the plaintiff. Defendant argues that "whether an accident, injuries, or any other circumstance has caused the plaintiff to look or act differently is entirely an expert medical opinion." (Def.'s Memorandum at 12).

Federal Rule of Evidence 701 allows a lay witness to testify in the form of opinions or inferences which are (1) rationally based on the perception of the witness, (2) helpful to an understanding of the witness' testimony or a factual determination, and (3) not based on scientific, technical, or specialized knowledge within the scope of Federal Rule of Evidence 702.

The Court finds that defendant's motion must be denied. A lay witness in close contact with a plaintiff is in a position, based on his perception of the plaintiff, to testify that the plaintiff acted one way before an alleged accident and another way afterwards. Such testimony may be helpful to the jury in deciding whether an accident occurred and how any accident affected the plaintiff. Testimony in this regard is not based on scientific, technical, or specialized knowledge. Rather, it is based on the witness's experience with the plaintiff and ability to compare the plaintiff's pre-accident behavior with his post-accident behavior. The Court will allow such testimony, so long

as it does not purport to be based on scientific, technical, or specialized knowledge. The Court DENIES defendant's motion.

*4. Motion in limine No. 12*

Defendant also moves the Court to exclude any inadmissible lay opinions, generally. Defendant does not specify any testimony in particular it wishes the Court to exclude — it essentially just asks the Court to state that Rules 701 and 702 apply. Such a vague, overly broad motion that is not tailored to an actual dispute in the case is a waste of the Court's time and resources. The Court DENIES defendant's motion.

*5. Motion in limine No. 13*

Defendant next moves to exclude all evidence of subsequent remedial measures to prove negligence. Plaintiff argues that such evidence is admissible to prove feasability.

Rule 407 of the Federal Rules of Evidence states that evidence of subsequent remedial measures are "not admissible to prove negligence, culpable conduct, a defect in the product, a defect in the product design, or a need for a warning or instruction." But evidence of subsequent measures is admissible when offered to prove "ownership, control, or feasability of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407.

Plaintiff intends to introduce evidence that CSXT management

5

built a ballast walkway in Sibert Yard made of small ballast in 2006 so that a CSXT employee would not be required to walk in rough conditions and evidence that CSXT resurfaced Sibert yard with smaller ballast in 2007. Plaintiff intends to use this evidence only if it is controverted that CSXT could feasibly place smaller yard ballast in the southern part of Sibert Yard prior to plaintiff's injury.

Evidence of the subsequent placement of small ballast in the relevant area of Sibert Yard is clearly admissible if the feasability of such a measure is controverted. The Court DENIES the motion and will allow such evidence to the extent it goes to feasability if this issue is controverted.

6. *Motion in limine No. 17*

Defendant contends that the Court should exclude any evidence of or reference to discovery in this case. Defendant avers that evidence of discovery disputes is irrelevant or alternatively, more prejudicial than probative. Plaintiff contends that defendant's Answers to Interrogatories or Requests for Production of Documents can be used at trial if they are relevant to plaintiff's injury or for impeachment purposes.

The Court DENIES defendant's motion to the extent it attempts to broadly exclude all references to discovery in this matter. The Court will consider whether specific discovery

6

issues are relevant or irrelevant at trial when the parties have specifically addressed the evidence they wish to have admitted.

7.  *Motion in limine No. 19*

Defendant contends that evidence of prior accidents or complaints at the railyard should be excluded unless the plaintiff first lays the predicate of showing that the prior incidents occurred under substantially similar circumstances. Plaintiff contends that evidence of these accidents is admissible to show notice.

The Fifth Circuit has stated that when evidence of other accidents "is offered for any purpose *other than to show notice*, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (emphasis added). As such, evidence of the accidents at issue, regardless of whether the factual circumstances are closely similar, may be introduced to show notice. The Court DENIES defendant's motion.

8.  *Motion in limine No. 20*

Defendant moves to exclude evidence of subsequent incidents or accidents and complaints. Specifically, defendant asks the Court to exclude evidence that a CSXT employee complained about unsafe walkway conditions in 2007. Defendant does not specify

7

any subsequent accidents that it moves to exclude.  Plaintiff does not tailor an opposition to the motion, but merely adopts its response to defendant's motion to exclude evidence of subsequent remedial measures.

Defendant has again filed an overly broad motion that leaves the Court little direction on what it seeks to exclude.  Because defendant has not specified any subsequent accidents to be excluded, the Court DENIES its motion in this regard.  The Court also DENIES the motion to the extent it seeks to exclude the complaint of the CSXT employee.  If plaintiff shows that the walking conditions in the yard at the time of the complaint were similar to the conditions at the time of plaintiff's accident, the statements in the complaint are relevant to whether the walking conditions in the yard were reasonably safe.

9. *Motion in limine No. 21*

Defendant moves to exclude any evidence based on an accident or incident report filed by defendant under 49 U.S.C. § 20901 or by the Secretary of Transportation under 49 U.S.C. § 20902. Plaintiff contends that these reports can be introduced for notice and impeachment purposes.

Section 20903 provides that "[n]o part of an accident or incident report . . . may be used in a civil action for damages *resulting from a matter mentioned in the report*." 49 U.S.C. §

20903 (emphasis added). The regulations also provide that monthly reports filed by railroads "may not be admitted as evidence or used for any purpose in any action for damages *growing out of the matters mentioned in these monthly reports.*" 49 C.F.R. § 225.7 (emphasis added). The purpose of section 20903 is to prohibit juries from seeing the federal agency reports and giving the facts contained in them undue weight. *See Torchia v. Burlington Northern, Inc.*, 568 P.2d 558, 566 (Mont. 1977).

Plaintiff asserts that he does not intend to use any FRA reports related to his accident. Such reports would clearly be excluded under section 20903, since an accident report cannot be used in a civil damages action resulting from a matter contained in the report. *See* 49 U.S.C. § 20903.

Defendant has not specified any other FRA reports it moves to exclude, and plaintiff has not specified any other FRA reports he intends to offer into evidence. Because neither party has identified any other FRA reports that are at issue, the Court will not consider defendant's motion as to such other reports.

Accordingly, the Court GRANTS defendant's motion to the extent defendant moves to exclude the FRA reports related to plaintiff's accident.

### B. Plaintiff's motions in limine

*1. Motion in limine No. 4*

Plaintiff contends that any film or surveillance reports should not be allowed into evidence since CSXT has not disclosed any of these materials in the course of litigation. Defendant states that it currently has no surveillance to offer, but wishes to reserve the right to offer surveillance if obtained in advance of trial.

A defendant's surveillance video of a personal injury plaintiff may have both substantive and impeachment value. *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993). If the video is at least in part substantive, it must be disclosed before trial. *Id.* But surveillance videos may be admissible even if disclosed after a discovery cutoff. *See Baker v. Canadian Nat'l/Illinois Cent. R.R.*, 536 F.3d 357, 368-69 (5th Cir. 2008).

That the discovery deadline has passed and defendant has yet to disclose any surveillance does not automatically render such surveillance inadmissible. Trial in this matter was originally scheduled for April 27, 2009, but was continued and has yet to be rescheduled. If defendant obtains any evidence from surveillance that it wishes to use at trial, defendant must disclose the surveillance to plaintiff within five days of obtaining the

evidence.  Failure to disclose will result in the exclusion of such evidence at trial.  Because defendant has yet to obtain any surveillance to offer into evidence, the Court DENIES plaintiff's motion as premature.

   *2.  Motions in limine Nos. 6 and 17*

Plaintiff moves to exclude any reference to any and all personal injury claims plaintiff made against defendant during the course of his employment, including claims for hearing loss, asbestos exposure, and a back injury in 1990.  Plaintiff contends that the evidence is irrelevant, or to the extent it is minimally relevant, that it is more prejudicial than probative.  Defendant argues that evidence of plaintiff's asbestos exposure claim and back injury claim are relevant and may also be introduced for impeachment purposes.  Defendant does not oppose plaintiff's motion to the extend it refers to a claim for hearing loss.

The Court finds that evidence of plaintiff's earlier back injury is relevant to the cause of his current back injury.  The Court also finds that plaintiff's ongoing asbestos lawsuit is relevant to the instant action.  The cause of plaintiff's alleged disability is at issue, and thus plaintiff's claim that something else caused him to be permanently disabled is relevant to the instant claim regarding a permanent disability, as well as any potential damages.  The Court also finds this evidence to be more

probative than prejudicial. The Court thus DENIES plaintiff's motion, except to the extent it refers to plaintiff's previous claim for hearing loss.

   3.   *Motions in limine Nos. 10 and 11*

In these motions, plaintiff moves to exclude any reference to an email sent by Steve Miskimmens and an email sent by Nick Tharpe. Plaintiff contends that the emails should not be read into the record as a recorded recollections, *see* Fed. R. Evid. 803(5), because neither Miskimmens nor Tharpe stated that he could not recollect the information in his respective emails. Plaintiff also contends that any reference to information in the emails outside of the email author's personal knowledge should be excluded. Plaintiff did not bother to attach the emails to these motions.

Federal Rule of Evidence 803(5) allows a recorded recollection to be read into evidence if the witness cannot recall the matter at trial but made the record when the matter was fresh in his memory. Alternatively, a witness may use such a writing to refresh his memory while testifying. Fed. R. Evid. 612. If either Miskimmens or Tharpe cannot recall the events described in the email he wrote, the defendant may either read the email into the record or allow Miskimmens or Tharpe to use the email to refresh his memory.

12

Plaintiff also moves to exclude the contents of each email outside the email author's personal knowledge. Because plaintiff has not attached the emails, the Court will not consider his arguments in this regard and DENIES his motion to exclude on this ground.

*4. Motion in limine No. 12*

Plaintiff also moves to exclude any reference to a PI-1 form filled out by Steven Miskimmens outside of Miskimmens' personal knowledge and recollection of the events. Plaintiff has again failed to attach the evidence at issue to his motion. The Court will thus not consider his argument and DENIES the motion.

*5. Motions in limine Nos. 13, 14, 15, and 16*

In these motions, plaintiff moves to exclude the following exhibits: (1) CSXT record Y45024, (2) CSXT Record Q61226, (3) CSXT exemplar rehabilitation questionnaire, video, and materials, and (4) the AETNA, Blue Cross/Blue Shield, and United Healthcare insurance records of plaintiff. Defendant states that it has withdrawn each of these exhibits. Accordingly, plaintiff's motions are now moot.

*6. Motion in limine No. 18*

Plaintiff moves to exclude any reference to any asbestos questionnaire completed by plaintiff. Plaintiff's motion consists of one sentence and does not include any reason for such

13

exclusion.  Defendant contends that the questionnaire is relevant in that it may show another cause for plaintiff's alleged disability.  Because evidence tending to show that something other than the alleged negligence of the defendant caused plaintiff's injury is certainly relevant, the Court DENIES plaintiff's motion.

    7.   *Motion in limine No. 20*

Plaintiff contends that evidence of plaintiff's Social Security earnings should be excluded as irrelevant.  Defendant contends that such evidence may be relevant to show that plaintiff became unable to work at a different time or that plaintiff has failed to mitigate his losses.  The Court does not see how Social Security earnings are relevant to either of these issues.  The Court thus GRANTS plaintiff's motion.

    8.   *Motion in limine No. 21*

This motion in limine is closely related to defendant's separate motion in limine to preclude plaintiff's claim for post-retirement wage loss. (R. Doc. 61).  The Court will consider plaintiff's motion in limine No. 21 along with defendant's motion in a separate order.

    9.   *Motion in limine No. 22*

Plaintiff contends that nine documents listed in the Pre-trial Order were not disclosed to him and moves to exclude them.

Specifically, plaintiff moves to exclude: (a) CSXT Payroll Extracts/Earnings Records for Larry Broadus, (b) CSXT Safety Rules, (c) CSXT Safe Way and Safe Job Procedures, (d) CSXT Rules and Company Policies and Programs, (e) CSXT Operating Rules, (f) CSXT Seniority Roster, (g) Records of Repairs to train worked by plaintiff on April 26-27, 2006, (h) Maps/Drawings of Sibert Yard, and (i) FRA Regulations on Ballast. Defendant does not object to the exclusion of (a), (f), and (g), and the Court GRANTS plaintiff's motion with respect to those documents.

Defendant notes that plaintiff's expert, Jimmy Scott, stated in his expert report that he relied on documents (b), (c), and (e). (*See* R. Doc. 27-1). The Court thus presumes that plaintiff had access to these documents and will not be prejudiced by their introduction. The Court DENIES plaintiff's motion with respect to these documents.

As for (d) and (h), the Court cannot determine from the briefs whether the documents were properly produced and will thus defer its decision on whether these documents are admissible as evidence.

The Court will not allow (i), the FRA Regulations, to be introduced into evidence. The Court will instruct the jury on the applicable law.

    *10. Motions in limine Nos. 23 and 24*

Plaintiff next requests that the Court enter an order that allows plaintiff, on direct examination in his case-in-chief, to ask leading questions to the CSXT management officials, and that prohibits defendant from asking leading questions from the CSXT management employees. Plaintiff does not specify which individuals he considers to be "management officials."

The Court will certainly consider allowing plaintiff to interrogate certain witnesses associated with CSXT with leading questions, and conversely, prohibiting defendant from doing so. *See* Fed. R. Evid. 611(c) ("witness identified with an adverse party" may be examined with leading questions). But as plaintiff has not specified to which witnesses these motions are in reference, the Court cannot determine whether such a mode of examination is proper. The Court thus defers its decision on these motions.

**III. Conclusion**

Accordingly,

IT IS SO ORDERED.

New Orleans, Louisiana, this 14th day of May, 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE