UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY BROADUS                                CIVIL ACTION

VERSUS                                       NO: 08-1201

CSX TRANSPORTATION, INC.                     SECTION: R(4)


**ORDER AND REASONS**

Before the Court is defendant CSX Transportation, Inc.'s motion in limine to exclude plaintiff from presenting any evidence that he is entitled to recover lost wages for any time after he retired. For the following reasons, the Court DENIES the motion.

I.  **Background**

Plaintiff Larry Broadus worked as a railroad engineer for defendant CSX Transportation, Inc. (CSXT). Mr. Broadus alleges that he sustained a back injury when he slipped and fell on mainline ballast while walking in between the No. 6 and 7

switches in CSXT's Sibert Yard in Mobile, Alabama on April 25, 2006. Ballast is a type of gravel rock placed between and under the ties of a railroad to give stability, provide drainage, and distribute loads. There are two types of ballast: mainline and yard. Mainline ballast is larger (approximately 3.8cm across) and predominantly used to support railroad tracks. Yard ballast is smaller (approximately 1.9cm across) and predominantly used as a walking surface.

Plaintiff sued CSXT alleging that CSXT breached its duties under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, by putting mainline ballast in the Sibert Yard, rather than yard ballast, which he alleges compacts more easily and thus is a safer walking surface. In his complaint, Mr. Broadus seeks to recover for permanent disability, loss of enjoyment of life, past lost wages, future lost earnings and fringe benefits, unpaid past medical expenses, past and future pain and suffering, and future life care needs and medical expenses. (R. Doc. 1). On February 16, 2007, plaintiff retired from CSXT pursuant to subsection (ii) of Section 231a(a)(1) of the Railroad Retirement Act (RRA).

Defendant now moves to preclude plaintiff from recovering lost future earnings because he voluntarily retired from CSXT. Specifically, defendant contends that the plaintiff's decision to

voluntarily retire and receive benefits under the RRA precludes plaintiff from seeking compensation for work that the RRA prohibits plaintiff from rendering. Plaintiff contends that CSXT is attempting to make an "end-run" around established precedent barring use of collateral source benefits to reduce FELA damages. For the following reasons, the Court DENIES defendant's motion.

**II. Discussion**

**A.   The FELA**

The FELA creates a federal remedy for railroad workers injured on the job by the negligence of their employers. *Kulavic v. Chicago & Illinois Midland Railway*, 1 F.3d 507, 512 (7th Cir. 1993) (internal citations omitted). It is a "a broad remedial statute to be construed liberally in order to effectuate its purpose." *Id. (*citing *Atchison, T. & S.F. Ry. v. Buell*, 480 U.S. 557, 562 (1987)). The FELA damages section provides that:

> Every common carrier by railroad while engaging in
> [interstate commerce] . . . shall be liable in damages
> to any person suffering injury . . . resulting in whole
> or in part from the negligence of any of the officers,
> agents, or employees of such carrier, or by reason of
> any defect or insufficiency, due to its negligence, in
> its cars, engines, appliances, machinery, track,
> roadbed, works, boats, wharves, or other equipment.

45 U.S.C.A. § 51. A plaintiff can recover future lost wages under the FELA. *See, e.g., Narcisse v. Illinois Cent. Gulf. R.*

3

*Co.*, 620 F.2d 544, 548 (5th Cir. 1980) (reinstating a jury award including lost wages in a FELA case); *Taylor v. Denver & R.G. W.R. Co.*, 438 F.2d 351, 354 (10th Cir. 1971) ("[plaintiff] is entitled to the difference between what he was able to earn prior to his injury and what he earned or could have earned thereafter"). Plaintiff bears the burden of proving these damages. *See Sinclair v. Long Island R.R.*, 985 F.2d 74, 78 (2d Cir. 1993) (holding that FELA plaintiff can recover damages for lost earnings capacity, defined as the difference between what plaintiff could earn with his disability versus what plaintiff would have earned without it); *Chesapeake & O. Ry. v. Carnahan*, 241 U.S. 241, 244 (1916).

If Broadus carries his burden, CSXT may introduce evidence of employment in which Broadus could engage, though disabled. The jury would be entitled to reduce Broadus' award by earnings that could be derived from these employment opportunities if it found the evidence credible. But, the Supreme Court has foreclosed CSXT from offering evidence of collateral sources of recovery to reduce plaintiff's damages. *Eichel v. New York Central R.R. Co.*, 375 U.S. 253, 255 (1963). Specifically, in *Eichel v. New York Central R.R. Co.*, the Supreme Court, in a FELA case, treated benefits received under the RRA as a collateral source that "cannot be considered in mitigation of damages caused

4

by the employer." *Id.*

Defendant nevertheless argues that *Eichel* and its progeny are distinguishable in the context presented here. (R. Doc. 86). Defendant suggests that its motion in limine does not present a question of evidentiary admissibility, but rather a question of statutory interpretation. Specifically, CSXT contends that because the RRA required plaintiff to cease compensated service and to relinquish the right to return to the service of an employer before he could retire, he cannot recover for lost future earnings capacity. (R. Doc. 86)(interpreting 45 U.S.C. § 231a(e)(1)-(3)(2007)). For the following reasons, the Court rejects defendant's statutory argument and finds that nothing in the RRA forecloses plaintiff's ability to recover lost future earning capacity.

**B. Broadus' Retirement Benefits**

The RRA provides that the following persons are entitled to retirement annuities:

> (i) individuals who have attained retirement age (as defined in section 216(l) of the Social Security Act;
>
> (ii) individuals who have attained the age of sixty and have completed thirty years of service;
>
> (iii) individuals who have attained the age of sixty-two and have completed less than thirty years of service . . .;

5

> (iv) individuals who have a current connection with the railroad industry, whose permanent physical or mental condition is such as to be disabling for work in their regular occupation, and who (A) have completed twenty years of service or (B) have attained the age of sixty; and
>
> (v) individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment.

45 U.S.C.A. § 231a(a)(1). The statute provides two conditions on the receipt of retirement benefits. An individual may begin receiving retirement benefits only when "he shall have ceased to render compensated service to an employer." 45 U.S.C.A. § 231a(e)(1). In addition, the individual may receive the benefits "only if the applicant shall have relinquished such rights as he may have to return to the service of an employer," unless the individual retired pursuant to subsections (iv) or (v) before reaching retirement age as defined under the Social Security Act. 45 U.S.C.A. § 231a(e)(2). The statutory definition of "employer" is not all encompassing. Rather, it includes a circumscribed list of entities related to the railroad industry, including railroad carriers, companies directly and indirectly owned or controlled by railroad carriers, service providers for the railroad industry, and railroad labor organizations. *See* 45 U.S.C. § 231(a)(1).

After his accident, plaintiff applied for and began to

receive retirement benefits pursuant to subsection (ii) of Section 231a(a)(1) of the RRA, since he had reached the age 60 and had over 30 years of service. (R. Doc. 61-1, Broadus Depo., 45:17-23). Plaintiff testified in his deposition that he applied for retirement benefits under this provision since he was told that it would take an additional six months to receive retirement benefits through the disability provision. (Broadus Depo., 45:22-46:4). Defendant contends that because plaintiff chose to retire voluntarily under Section 231a(a)(1)(ii), he relinquished his right to return to the service of CSXT and thus cannot recover damages for future wage loss.

The RRA does not, either explicitly or by cross-reference, preclude a claim for future lost wages under the FELA. The RRA "is substantially a Social Security Act for employees of common carriers." *Eichel,* 375 U.S. at 254. It establishes conditions for retirement and disability. It does not deal with employer tort liability. It is up to the Railroad Retirement Board (RRB) to determine eligibility and continuing eligibility for retirement benefits. *See* 45 U.S.C. § 231f(b)(1). For example, Section 231a(e)(3) of the RRA requires individuals receiving benefits under the RRA to report to the RRB any work rendered to "an employer." 45 U.S.C. § 231a(e)(3). Further, a retiree must also report work rendered to employers not covered by the RRA if

he earns more than $14,160 per year, did not work when he initially applied for benefits, and is under the full retirement age.[1] *See* U.S. Railroad Retirement Bd, Form G-77a(11-08) (2009).The RRB can subsequently adjust the amount of benefits distributed, or fine the beneficiary accordingly. *See Reese v. Railroad Retirement Bd.,* 906 F.2d 355 (8th Cir. 1990). But nowhere does the RRA provide that a FELA plaintiff who receives retirement benefits cannot recover future lost earnings capacity.

    Defendant essentially urges that because plaintiff voluntarily retired, as defined by the RRA, he has no future working capacity. This argument begs the question of whether his employer's negligence caused his loss of earning capacity which provoked his retirement. Furthermore, it should be noted that voluntary retirement under the RRA does not require a worker to forego all future employment—only that rendered to an employer covered under the RRA. In addition, the Court finds it significant that defendant cites to no reported cases in support of its novel proposition. Defendant relies solely on an unpublished order from a state court in Kentucky to support its contention. (R. Doc. 61)(citing *Fairchild v. CSXT*, No. 05-CI-

---

[1] Full retirement age extends from age 65 for beneficiaries born before 1938, to age 67 for those born in 1960 and later. *See* U.S. Railroad Retirement Board, Form G-77a(11-08) (2009).

8

06642 (Cir. Ct. Ky. 2008)). The order, which is only a few sentences long and lacks substantive analysis, offsets a jury award for future lost wages. *Fairchild v. CSXT*, No. 05-CI-06642 (Cir. Ct. Ky. 2008). It does not preclude the plaintiff from presenting evidence of future wage capacity at trial. *Id.* Indeed, the Court has found no authority under the FELA that requires such preclusion.

The Court sees no reason why plaintiff's relinquishment of work with a covered employer should preclude him from arguing under the FELA that, but for the negligence of his employer and his resulting injury, he would have continued to work and receive wages. The factfinder may certainly decide whether or not this is true and, if necessary, to what age plaintiff would have actually worked. Furthermore, defendant can introduce evidence that plaintiff retired and argue that he would have retired at that time regardless of his injury. CSXT could also argue that Broadus's failure to return to work violated his duty to mitigate damages. *Russell v. Nat'l R.R. Passenger Corp.*, 189 F.3d 590, 596 (7th Cir. 1999) (holding that a FELA plaintiff claiming damages for lost future earnings has a duty to mitigate damages). But, plaintiff's claim for tort-like damages for his employer's alleged negligence is separate from his right to receive retirement benefits under the RRA. And his receipt of these

9

benefits does not as a matter of law preclude him from recovering future wage loss as an element of his damages under the FELA.

## III. Conclusion

For the foregoing reasons, the Court DENIES CSXT's motion in limine to exclude plaintiff from presenting any evidence that he is entitled to recover lost wages for any time after he voluntarily retired from CSXT.

New Orleans, Louisiana, this __8th__ day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE