UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY BROADUS                                    CIVIL ACTION

VERSUS                                           NO: 08-1201

CSX TRANSPORTATION, INC.                         SECTION: R(4)

**<u>ORDER AND REASONS</u>**

Before the Court is defendant CSX Transportation, Inc.'s motion in limine to exclude plaintiff from presenting any lay opinions of medical causation. (R. Doc. 67). For the following reasons, the Court DENIES defendant's motion.

**I.  Background**

Plaintiff Larry Broadus worked as a railroad engineer for defendant CSX Transportation, Inc. (CSXT). Mr. Broadus alleges that he sustained a back injury when he slipped and fell on mainline ballast while walking in between the No. 6 and 7 switches in CSXT's Sibert Yard in Mobile, Alabama on April 25,

2006. Ballast is a type of gravel rock placed between and under the ties of a railroad to give stability, provide drainage, and distribute loads. There are two types of ballast: mainline and yard. Mainline ballast is larger (approximately 3.8cm across) and predominantly used to support railroad tracks. Yard ballast is smaller (approximately 1.9cm across) and predominantly used as a walking surface. Plaintiff sued CSXT alleging that CSXT breached its duties under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, by putting mainline ballast in the Sibert Yard, rather than yard ballast, which he alleges compacts more easily and thus is a safer walking surface.

**II. Discussion**

Defendant now moves to preclude plaintiff from offering lay opinions of medical causation. (R. Doc. 67). Specifically, defendant predicts that plaintiff will use lay opinion testimony to prove medical causation because defendant thinks that the testimony of plaintiff's expert on the matter, Dr. Ronderos, is not sufficient. Id. Defendant does not ask for summary judgment on the issue of medical causation. Instead, defendant submits, in different form, the same issue the Court DENIED in its May 14, 2009 Order–the exclusion of any lay opinions on the effect of the accident or injury on the plaintiff. (R. Doc. 83).

2

In response, plaintiff stipulates that he does not plan on presenting any lay opinions of medical causation. Plaintiff argues that the testimony of Dr. Ronderos will provide a sufficient evidentiary basis of medical causation given the FELA's causation standard. *See Consolidated Rail Corp. v. Gottshall,* 512 U.S. 532, 543 (1994)("'[U]nder this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.")(quoting *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 506 (1957)).

Federal Rule of Evidence 701 allows a witness to testify as a lay witness if "his opinion or inferences do not require any specialized knowledge and could be reached by any ordinary person." *See Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 460 (5th Cir. 1996). A lay witness in close contact with a plaintiff is in a position, based on his perception of the plaintiff, to testify that the plaintiff acted one way before an alleged accident and another way afterwards. Such testimony may be helpful to the jury in deciding whether an accident occurred and how any accident affected the plaintiff. Testimony in this regard is not based on scientific, technical, or specialized knowledge. Rather, it is based on the witness's experience with the

3

plaintiff and ability to compare the plaintiff's pre-accident behavior with his post-accident behavior.  The Court will allow such testimony, so long as it does not purport to be based on scientific, technical, or specialized knowledge.

## III. Conclusion

For the foregoing reasons, the Court DENIES CSXT's motion in limine to exclude plaintiff from presenting lay opinions of medical causation.

New Orleans, Louisiana, this 10th day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE